# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 18, 2018

```
* * * * * * * * * * * * *
STEPHANIE ROBERTS,           *
                             *
                             *
           Petitioner,       *      No. 16-1151V
                             *      Special Master Sanders
v.                           *
                             *      Attorneys' Fees and Costs; Reduced
SECRETARY OF HEALTH          *      Hourly Rate; Reduced Undocumented
AND HUMAN SERVICES,          *      Hours; Reduced Undocumented Costs
                             *
                             *
           Respondent.       *
* * * * * * * * * * * * *
```

Martin J. Rubenstein, Staten Island, NY, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 16, 2016, Stephanie Roberts ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that she suffered "injuries including Guillain[-]Barre syndrome" as a result of "adverse effects of trivalent influenza and [A]dacel Tdap vaccines received on October 14, 2013."  Petition at 1, ECF No. 1.  On August 30, 2017, Respondent filed a Rule 4(c) Report, indicating that he would not contest entitlement to compensation in this case.  ECF No. 26.  On August 31, 2017, the undersigned issued a ruling finding that Petitioner was entitled to

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act").

1

compensation. ECF No. 27. A proffer on damages was filed on September 20, 2017, and the undersigned issued a decision consistent with the proffer on the same day. ECF Nos. 29-30.

On January 29, 2018, Petitioner filed a motion for attorneys' fees and costs, along with an affidavit from her attorney ("1st Affidavit") and a memorandum of law. ECF No. 36. Petitioner requested $19,575.00 in attorneys' fees and $1,481.71 in costs, for a total request of $21,056.71. 1st Aff. at 2, 8, 13.[3] Respondent filed a response on February 6, 2018. ECF No. 37. In his response, Respondent indicated that "[t]o the extent the special master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

On March 9, 2018, the undersigned directed Petitioner to file additional information in support of her motion for attorneys' fees and costs. ECF No. 38. Petitioner filed additional information on March 22, 2018 and April 3, 2018. ECF Nos. 39-40.[4]

This matter is now ripe for consideration.

I.   **Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees. 42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of HHS*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in

---

[3] Although the lists of costs and hours are labeled as Exhibit A and Exhibit B, respectively, the exhibits were filed in one document with the 1st Affidavit, and they are not individually paginated. Therefore, for ease of reference, the undersigned will cite to the exhibits using the CM/ECF-assigned page numbers of the affidavit document, ECF No. 36-1, rather than by the exhibit letters.

[4] Petitioner's filings on March 22, 2018 and April 3, 2018 are both attorney affidavits with attached exhibits. ECF Nos. 39 ("2nd Affidavit"); ECF No. 40 ("3rd Affidavit"). The exhibit letters overlap with each other and with the 1st Affidavit, and they are not individually paginated. Therefore, for ease of reference, the undersigned will cite to the exhibits using the CM/ECF-assigned page numbers of the affidavit documents, ECF No. 39 and ECF No. 40, rather than by exhibit letter.

determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of HHS*, 85 Fed. Cl. 313, 316-18 (2008).

### a. Hourly Rates

Petitioner asserts in the memorandum of law in support of her motion that "[r]easonable attorneys' fees are determined by the forum rate of Washington, D.C. or the rate prevailing in the forum in which the services were performed." Pet'r Memo. at 1, ECF No. 36-2 (citing *Masias v. Sec'y of HHS*, 634 F.3d 1283 (Fed. Cir. 2011)). She then states that the work in this case was performed in the New York City Metropolitan area, and that "[i]n determining reasonable attorneys' fees in the New York City Metropolitan area[,] cases in which fees were evaluated provide guidance." Pet'r Memo. at 1, ECF No. 36-2. Petitioner references Southern and Eastern District of New York federal district court cases where attorneys' fees were awarded, including a Securities Fraud Class Action case, a case under the Fair Labor Standards Act, two ERISA cases, and a "Breach of Contract and faithless servant" case. *Id.* at 1-6. Petitioner also references three decisions by three special masters, from 2014, 2015, and 2016, where attorneys were awarded between $275 and $413 per hour. *Id.* at 6-7.

Although Petitioner's memorandum correctly asserts that "the rate prevailing in the forum in which the services were performed" is sometimes used in place of the Washington, D.C. forum rate,[5] it overstates that principle of law. Under *Avera*, forum rates are used in the lodestar formula unless the rates in an attorney's local area are significantly lower than forum rates. 515 F.3d at 1348-49. The *Avera* decision did not discuss whether there could be an exception to the forum rate rule when the rates in an attorney's local area are significantly higher than forum rates. However, such an argument has been made and rejected in Program cases. *See Rodriguez v. Sec'y of HHS*, No. 06-559V, 2009 WL 2568468, at *16-*17 (Fed. Cl. Spec. Mstr. July 27, 2009), *aff'd*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.2d 1381 (Fed. Cir. 2011) (suggesting that special expertise or unavailability of other counsel may justify "a 'higher cost' exception to the forum rule," but finding that those conditions were not met in the case); *Becker v. Sec'y of HHS*, No. 13-687V, 2014 WL 4923160, at *6 (Fed. Cl. Spec. Mstr. Sept. 11, 2014) ("The reasoning of the *Davis County* exception [adopted in *Avera*], to prevent windfalls to attorneys in markets where hourly rates are significantly lower than the forum rate, does not apply when the local rate is higher than the forum rate."). In fact, in the case cited by Petitioner, *Masias*, the Federal Circuit discussed *Avera* and applied a local rate because the forum rates "are significantly higher than the Cheyenne, Wyoming rates." 634 F.3d at 1288. Therefore, to the extent that Petitioner is arguing that a rate higher than the forum rate should apply in this case, the undersigned rejects that argument. Attorneys in the New York City area are regularly awarded forum rates, and Petitioner's attorney will likewise be awarded Washington, D.C. forum rates. *See, e.g.*, *Rodriguez*, 2009 WL 2568468, at *16.

---

[5] As the Federal Circuit has recognized, the forum in Vaccine Act cases will always be Washington, D.C., because special masters operate as "extension[s] of the United States Court of Federal Claims." *Avera*, 515 F.3d at 1353.

3

In a 2015 decision, Special Master Gowen determined the reasonable Washington, D.C. forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *18-*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years, and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Petitioner's attorney, Martin J. Rubenstein ("Mr. Rubenstein") was first admitted to practice law in March of 1974. 1st Aff. at 3, ECF No. 36-1. He has "been actively engaged in the full time practice of law, primarily in personal injury claims[,] since 1974." *Id.* at 3. Mr. Rubenstein wrote in the 1st Affidavit that, since 2002, he has "handled approximately eleven vaccine claims to completion." *Id.* at 4. He wrote that he is also "presently working on four vaccine claims that are pending now, [and he is] currently working on one vaccine claim in the stage of investigation and preparation." *Id.*

As of March 2015, Mr. Rubenstein was an attorney with 41 years of experience in the practice of law. Therefore, his experience places him in the top *McCulloch* forum rate range, which is calculated for attorneys with more than 31 years of experience in practice. The *McCulloch* range for attorneys with Mr. Rubenstein's experience was $385 to $430 for 2015-2016; $394 to $440 for 2017; and $407 to $455 in 2018.

Petitioner requests $450.00 per hour for work performed by Mr. Rubenstein between 2015 and 2018. 1st Aff. at 4. The undersigned finds that it is reasonable for Mr. Rubenstein to be compensated at the higher end of the *McCulloch* range based on his experience in practice generally and in the Vaccine Program. However, the undersigned does not find that Mr. Rubenstein's experience merits a rate higher than the high end of the range for attorneys with his experience. Accordingly, Petitioner will be awarded the following rates for work performed by Mr. Rubenstein: **$430 per hour for work performed in 2015 and 2016**; **$440 per hour for work performed in 2017**; and **$450 for work performed in 2018**.

Based on the above reductions in hourly rates for Mr. Rubenstein, the award for the total hours billed by Mr. Rubenstein is reduced by **$609.50**, broken down as follows:

| Year  | Hours | Requested Rate | Requested Amount | Awarded Rate | Awarded Amount | Reduction  |
|-------|-------|----------------|------------------|--------------|----------------|------------|
| 2015  | 6.50  | 450.00         | 2,925.00         | 430.00       | 2,795.00       | - $130.00  |
| 2016  | 13.30 | 450.00         | 5,985.00         | 430.00       | 5,719.00       | - $266.00  |
| 2017  | 21.35 | 450.00         | 9,607.50         | 440.00       | 9,394.00       | - $213.50  |
| 2018  | 2.00  | 450.00         | 900.00           | 450.00       | 900.00         | - $0.00    |
| **TOTAL** | **43.15** |            | **19,417.50**[6]    |              | **18,808.00**      | **- $609.50** |

---

[6] The undersigned notes that Mr. Rubenstein's billing log reflects that the total amount requested is $19,575.00, for 45.50 hours at the rate of $450.00. 1st Aff. at 13. This discrepancy is discussed in the section below.

4

b. **Hours Expended**

In addition to the reduction in hourly rate for all hours billed, the undersigned finds that an additional reduction is necessary. Although the table of hours reflects a total of 43.50 hours, only 43.15 hours are included in the billing entries. Therefore, Petitioner's total fees request will be reduced by 0.35 hours. At the requested hourly rate of $450, that is a reduction of **$157.50**.

On March 9, 2018, the undersigned issued an Order requesting additional information about certain billing entries which appeared to be clerical or administrative in nature, or entries which were too vague to determine whether they were clerical or legal in nature. ECF No. 38. In that Order, the undersigned explained that billing for clerical or other secretarial work is not permitted in the Vaccine Program, and that attorneys' fees may be reduced for vague entries. *Id.* at 1-2. The undersigned provided a list of each entry where it could not be determined, without more information, whether the work should be compensated at the full attorney hourly rate. *Id.* at 2-3. Petitioner was instructed to file an explanation of the work performed for each entry, including an explanation as to why and how the attorneys' education, training, and skills were necessary for each activity. *Id.* For each entry potentially reflecting both administrative and legal activities, Petitioner was directed to explain what portion of the hours were spent on the legal task. *Id.*

Mr. Rubenstein's 2nd Affidavit provided an explanation for each of the entries identified in the undersigned's March 9, 2018 Order. 2nd Aff. at 1-9, ECF No. 39. He also indicated that he "did not include any typing, filing, photocopying, numbering of pages, preparation of exhibit identifiers, scanning, computer operation, or any other clerical or administrative activity" in his billing entries. *Id.* at 8. Based on Mr. Rubenstein's supplemental explanation of the work performed on each date where the billing entries were vague and/or appeared to represent clerical and administrative tasks, the undersigned has determined that the hours billed by Mr. Rubenstein are reasonable. The undersigned cautions Mr. Rubenstein that, in the future, he should provide sufficient information in his billing records to determine the nature of the tasks billed, such that it can be determined whether the hours billed are reasonable without additional filings.

## II. Attorney's Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992). Petitioner submitted a list of costs, totaling $1,481.71, with her motion on January 29, 2018. 1st Aff. at 8, ECF No. 36-1.

Petitioner did not provide invoices or receipts for any of the costs requested with her motion. In the undersigned's March 9, 2018 Order, additional information was requested. ECF No. 38. The undersigned noted in that Order that Petitioner must file supporting documentation, such as receipts or billing records, before reimbursement of costs will be made. *Id.* at 1 (citing Vaccine Guidelines, Section X, Ch. 2, Part C).

Petitioner submitted documentation to support most of the expenses on March 22, 2018 and April 3, 2018. 2nd Aff., ECF No. 39; 3rd Aff., ECF No. 40. The only expense which was not

supported by documentation was a charge labeled "PACER service center," for $38.60. Because Petitioner could not provide documentation to support that expense, the undersigned will reduce Petitioner's request for costs by **$38.60**.

The undersigned finds that the remainder of the costs are supported by documentation and are reasonable.

### III.   Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested | $19,575.00 |
| (Reduction to Mr. Rubenstein's Hourly Rates for 2015-2017) | - $609.50 |
| (Reduction for 0.35 Hours Not Reflected in Billing Log) | - $157.50 |
| **Total Attorneys' Fees Awarded** | **$18,808.00** |
| | |
| Attorneys' Costs Requested | $1,481.71 |
| (Reduction for Undocumented PACER Service Center Charge) | - $38.60 |
| **Attorneys' Costs Awarded** | **$1,443.11** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$20,251.11** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Pursuant to General Order No. 9, Petitioner filed a statement that she has not personally incurred any costs in this matter. 1st Aff. at 6, ECF No. 36-1. Accordingly, the undersigned hereby awards a total of **$20,251.11, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Martin J. Rubenstein, for attorneys' fees and costs.**[7]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

                                            <u>s/Herbrina D. Sanders</u>
                                            Herbrina D. Sanders
                                            Special Master